**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| READY & MOTIVATED MINDS, LLC, d/b/a READYMINDS, | Civil Action No.: 10-1654 (JLL) |
| Plaintiff, | |
| v. | **OPINION** |
| CERIDIAN CORP., | |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court on a motion to dismiss Counts I, II, and III of Plaintiff's First Amended Complaint ("FAC") filed by Defendant pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motion and decides the matter without oral argument. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendant's motion to dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff's FAC alleges, generally, that in or about August 2004, Plaintiff ReadyMinds and Defendant Ceridian ("the parties") began discussing a potential collaboration in connection with Ceridian's response to an anticipated Request for Proposal ("RFP") by the United States Department of Defense ("DOD") for its Military OneSource program contract. (FAC, ¶ 21). In furtherance of this objective, the parties entered into several agreements including, but not limited to, a Non-Disclosure Agreement ("NDA"), a Letter of Intent, a Teaming Agreement, a Master

1

Services Agreement ("the Subcontract") and a Statement of Work ("SOW") agreement. (Id., ¶¶ 27, 38, 46).

First, the parties executed a NDA, effective August 19, 2004, which provided that the parties would share certain information in connection with their collaboration. Pursuant to the NDA, such information was deemed "private, confidential and/or proprietary in nature," and included "information relating to ReadyMinds' products and services, Ceridian's service offerings, and the possibility of each party integrating services with the other's then existing programs." (Id., ¶¶ 28, 29). After exchanging such information, in September 2004, the parties prepared a capability statement for submission to the DOD. (Id., ¶ 32). The capability statement which was ultimately submitted to the DOD contained ReadyMinds' proprietary information. (Id., ¶ 35).

Next, the parties executed a Letter of Intent ("LOI") in November 2004. The LOI confirmed "the agreement in principle" between the parties "regarding the proposal of Ceridian to include the employment support services and distance counseling for military spouses and other related products and services of ReadyMinds in a proposal to be submitted by Ceridian to the [DOD]." (Id., ¶ 38). The LOI also stated that "Ceridian's proposal [would] be made in response to a Request for Proposal ("RFP") that is expected to be issued by the [DOD] in November of 2004." (Id., ¶ 39). Paragraph 6 of the LOI went on to state that any response by ReadyMinds or Ceridian to the foregoing RFP would be made in conjunction with the other party; however, "in the event that Ceridian is not awarded the contract as a result of its response to the RFP, this Paragraph 6 shall be null and void." (Id., ¶ 41).

In July 2005, the parties entered into a Teaming Agreement. (Id., ¶ 46). Paragraph 11.H of the Teaming Agreement provides that, "[n]otwithstanding anything to the contrary in this

2

Agreement, (i) any response of [ReadyMinds] to the RFP will be made in conjunction with Ceridian, (ii) [ReadyMinds] will not respond to the RFP independently of Ceridian or with any third party, (iii) any response to the RFP by Ceridian that includes services substantially similar to those offered by [ReadyMinds] will be made in conjunction with [ReadyMinds]." (Id., ¶ 55). The Teaming Agreement defines the RFP as "the Request for Proposal issued by [the United States Department of Defense] with respect to Ceridian's employee assistance program services for the military." (Id., ¶ 52). The parties simultaneously entered into a Subcontract and a SOW which detailed the specific services to be provided by ReadyMinds if and when Ceridian received the Military OneSource program contract as contemplated by the Teaming Agreement. (Id., ¶ 54).

According to the FAC, Ceridian sent ReadyMinds a letter on July 9, 2007 purporting to terminate the Teaming Agreement and Subcontract on the basis that it had received an Amendment of Solicitation/Modification of Contract from the DOD cancelling the RFP which formed the basis of Ceridian's relationship with ReadyMinds. (Id., ¶ 78). Plaintiff claims that such an attempt to terminate was wrongful inasmuch as the letter from the DOD did not cancel the procurement; rather, "[a]ll that changed was the procuring agency." (Id., ¶¶ 82, 83). Thus, Plaintiff claims that the Amendment of Solicitation/Modification of Contract from the DOD did nothing more than transfer the solicitation for the Military OneSource program contract from the DOD to the Acquisition Services Directorate within the Interior Department's National Business Center (hereinafter "ASD"). (Id., ¶¶ 87-88). The FAC further alleges that the ASD served as DOD's agent during the procurement process. (Id., ¶¶ 89-102). The FAC goes on to allege that Ceridian responded – on its own – to the RFP issued by the ASD and was ultimately awarded the Military OneSource contract in December 2009. (Id., ¶¶ 99, 102).

3

In light of the foregoing, Plaintiff's FAC asserts the following claims for relief: (1) breach of contract (the Teaming Agreement), (2) breach of contract (the Subcontract), (3) breach of the covenant of good faith and fair dealing, (4) quantum meruit, (4) unjust enrichment, (5) promissory estoppel, and (6) estoppel.[1]  Defendant now moves to dismiss Count I, II, and III.

## LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

## ANALYSIS

### I. Breach of Contract Claims

ReadyMinds' breach of contract claims are based on the theory that the ASD was the contracting agent of the DOD.  Thus, to withstand a motion to dismiss ReadyMinds must plead sufficient factual allegations to establish the elements of a principal agent relationship. In the July Opinion, this Court dismissed without prejudice ReadyMinds' breach of contact claims for failure to adequately allege such a relationship. (July Opp. 5-7).

---

[1] This Court's jurisdiction is premised on 28 U.S.C. § 1332.

"An agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent.'" Fisher v. Townsends, Inc., 695 A.2d 53, 57 (Del. 1997) (quoting Sears Mortgage Corp. v. Rose, 634 A.2d 74, 79 (1993)). ReadyMinds' FAC alleges facts sufficient "to raise a reasonable expectation that discovery will reveal evidence of" the existence of an agency relationship between ASD and the DOD. Twombly, 550 U.S. at 556. The Court finds that the following allegations as set forth in ReadyMinds' FAC are sufficient to withstand a motion to dismiss with respect to the agency theory:

- The ASD is a service-for-fee acquisition center whose stated purpose is to provide procurement services to agencies throughout the Federal Government.

- The ASD assists Federal agencies by managing projects from start to finish – from planning, soliciting, and evaluating offers, to awarding and administering contracts through close-out.

- The ASD creates solicitations, i.e., Request for Proposals, completes internal reviews, posts solicitations, responds to vendor questions, evaluates proposals with the client, creates the award documentation, finalizes contracts, submits contracts for legal review, and makes awards.

- As part of the Interagency Agreement (General Terms & Conditions), the Requesting Agency is to provide qualified, trained, available, and willing individuals to be designated or appointed by the Servicing Agency Contracting Officer to serve as the Receiving Official or Contracting Officer's Technical Representative ("COTR").

- The COTR appointed by the ASD's Contracting Officer for Contract No. N10PC18114, Statement of Work Title: Military Community and Family Support Services Military OneSource Program; Vendor Name: Ceridian Corporation; Award Date: December 1, 2009, is Ms. Patricia Leopard of the DOD.

- On information and belief, the DOD and the ASD entered into an Interagency Agreement so that ASD can provide acquisition services to the DOD, including acquisition services in connection with the DOD's Military OneSource Program.

- On information and belief, the ASD was the agent and otherwise acted on behalf of the DOD for purposes of handling the solicitation and ultimate award of the

5

> Military OneSource Contract to Ceridian.
>
> - At all times, the ASD acted under the direction and on behalf of the DOD with respect to the contracting or procuring activity related to the Military OneSource Program.
>
> - Ceridian's response to the RFP issued by the ASD makes clear that the RFP issued by the ASD was issued for and on behalf of the DOD.
>
> - Section C – Description and Specifications – Amendment # 006 to RFP # 1406-04-08-RP-20652, Performance Work Statement for Military Community and Family Support Services, Military OneSource Program also makes clear that the ASD issued RFP # 1406-04-08-RP-20652 on behalf of the DOD.
>
> - On December 1, 2009, the ASD, on behalf of the DOD, awarded Ceridian the Military OneSource Contract.

(See FAC. ¶¶ 89 – 102).

Moreover, Ceridian's arguments in opposition to ReadyMinds' allegations of an agency relationship between ASD and DOD – namely, that the Model Agency Agreement attached to the FAC contradicts such a relationship – raises disputed issues of fact, which cannot be resolved on a motion to dismiss. See Gooden v. Mitchell, 21 A.2d 197, 201 (Del. Super. Ct. 1941).

In sum, ReadyMinds has sufficiently plead allegations in support of an agency theory to survive a motion to dismiss. With this as a background, the Court must now determine whether ReadyMinds has plead sufficient facts, accepted as true, to state claims for breach of contract with respect to (1) the Teaming Agreement and (2) and the subcontract.

    a.    **Count I:**    **The Teaming Agreement**

The FAC alleges that ReadyMinds and Ceridian entered into Teaming Agreement setting forth the obligations of both parties when jointly responding to the anticipated RFP to be issued by the DOD (or ASD as the agent of DOD) in connection with the Military OneSource program. (FAC ¶¶ 43-48). The FAC alleges that although Ceridian agreed to be bound to those terms, it

breached the Teaming Agreement by: (1) failing to advise ReadyMinds of and failing to include ReadyMinds in meetings with the ASD and/or DOD that concerned ReadyMinds' portion of the project, in contravention of Paragraph 11.H of the Teaming Agreement; and (2) failing to respond in conjunction with ReadyMinds to the RFP issued by the ASD on behalf of the DOD, which lead to the award on the ASD Contract to Ceridian. (FAC ¶¶ 116 - 120). ReadyMinds alleges that it was harmed by this breach because it was deprived of the opportunity and right to be the subcontractor under the Prime Contract.

Accepting each of these allegations as true in combination with ReadyMinds' well plead allegations of an agency relationship, the Court finds that the FAC alleges sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

      **b.**    **Count II:**    **The Subcontract**

Count II of the FAC alleges that that in conjunction with the Teaming Agreement, the parties also entered into a Subcontract whereby ReadyMinds was to provide the distance career counseling piece of the Military OneSource Program. (FAC ¶ 48). ReadyMinds' obligations under the Subcontract were set forth in three separate Statement of Works attached to and made part of the Subcontract. (FAC ¶ 56-71). ReadyMinds alleges that Ceridian agreed to be bound by the terms of the Subcontract. (FAC ¶ 123). ReadyMinds further alleges that Ceridian breached the Subcontract by:

- failing to maintain its Subcontract with ReadyMinds;

- cutting ReadyMinds out of Ceridian's deal with the ASD and/or DOD for the Military OneSource Program after ReadyMinds provide the products and services detailed in the Subcontract and SOWs;

- subcontracting with another entity(ies) for the products and services that

       ReadyMinds had been and was to continue providing Ceridian;

- failing to compensate ReadyMinds in accordance with the Subcontract and the SOWs; and

- marketing, selling and/or distributing the services to be provided by ReadyMinds under the Subcontract to the ASD and/or DOD without ReadyMinds' involvement, knowledge or consent.

(FAC ¶¶ 121-125).

As a result of Ceridian's breach, ReadyMinds claims that it suffered damages equal to the value of the Subcontract for the duration of the DOD's Military OneSource contraction with Ceridian. Accepting each of these allegations as true in combination with ReadyMinds' well plead allegations of an agency relationship, the Court finds that the FAC "alleges sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## II.   Count III:   Breach of the Implied Covenant of Good Faith and Fair Dealing

In the July Opinion, this Court dismissed ReadyMinds' breach of good faith and fair dealing claim because it failed to plead any injury to its contractual interest that was different in any way from its breach of contract claims. See generally Kelly v. Blum, 2010 WL 629850, at *13 (Del.Ch. Feb. 24, 2010) ("Because general allegations of bad faith do not satisfy these elements, to state a cognizable claim a 'plaintiff must allege a <u>specific implied contractual obligation</u> and allege how the violation of that obligation denied the plaintiff the fruits of the contract.'") (emphasis in original). (July Op. 9-10). Here, a thorough review of the FAC reveals that ReadyMinds fails to identify a specific implied contractual obligation. As such, Count III of ReadyMinds' FAC is dismissed with prejudice.

## III.   Timeliness of Contract Claims

Ceridian argues that ReadyMinds' contract claims are time-barred because the claims arose, if at all, in July 2007 when the Teaming Agreement and Subcontract were terminated. Ceridian argues that the Teaming Agreement prohibits any action arising under the agreement more than two years after the claim arose, or July 2009. The Subcontract also bars any post-July 2009 claim because it is part of the integrated agreement.

In opposition, ReadyMinds argues that its contract claims are not time barred because (1) they did not ripen until the Prime Contract was awarded to Ceridian in 2009; (2) its right to payment under the Agreement was "contingent" upon the award of the Prime Contract; (3) the termination of the Agreement was an "anticipatory breach"; and (4) any claim pursuant to the Subcontract is not time-barred because the Subcontract does not contain a limitations clause.

Each statute of limitations argument centers on the alleged termination of the RFP. Ceridian claims that "[t]here is no dispute that, in July 2007, the DOD did, in fact, cancel the RFP" and that it was merely exercising its rights under the agreements by notifying ReadyMinds of DOD's cancellation. (Def. Reply Br. 15). However, ReadyMinds' theory of the case, as the Court understands it, is that the DOD did not cancel the procurement process; rather, "[a]ll that changed was the procuring agency." (Id., ¶¶ 82, 83). As such, a determination of the accrual date of ReadyMinds' breach of contract claims turns on a determination as to whether or not Ceridian's actions in July 2007 constituted a valid exercise of a contractual right or repudiation of a contractual obligation. Such a determination is a matter of contractual interpretation and requires further factual development. As such, the Court declines to rule on the statute of limitations issue at this stage of the litigation.

## CONCLUSION

Based on the reasons set forth above, Defendant's motion to dismiss is GRANTED in part

and DENIED in part.   An appropriate Order accompanies this Opinion.


DATED: March 2, 2011                              /s/ Jose L. Linares
                                                  United States District Judge